# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **The Child of:**

**John S.,**
**Respondent Below, Petitioner**

**vs)   No. 16-1192** (Fayette County 98-D-400)

**Alesha C.,**
**Petitioner Below, Respondent**

**FILED**

**May 18, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John S.,[1] pro se, appeals the November 18, 2016, order of the Circuit Court of Fayette County affirming two orders of the Family Court of Fayette County. In the first order, entered September 28, 2016, the family court reduced Respondent Alesha C.'s child support obligation to $0 per month due to her incarceration. In the second order, entered October 11, 2016, the family court denied petitioner's motion to reconsider its September 28, 2016, order. Respondent did not file a response.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On May 18, 2017, and August 11, 2017, this Court entered amended scheduling orders noting that respondent failed to file a response and directed respondent to do so. Despite these orders, respondent did not file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) (holding that we will accept a party's concession only after a proper analysis shows that it is correct).

1

reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are both incarcerated. They were married on December 22, 1997, and divorced by order entered May 28, 1999. In that order, it was noted that petitioner was nineteen-years-old and respondent was sixteen-years-old at the time of the divorce proceeding. The parties owned "no real estate," but each was awarded the exclusive use and possession of his or her "personal effects."

The parties' child became emancipated on his eighteenth birthday, December 24, 2015. At the time of the child's eighteenth birthday, the child support order in effect was previously entered on October 7, 2010, and directed that respondent pay to petitioner $205 per month in child support. In the October 7, 2010, order, the family court directed that child support payments shall continue until the child's twentieth birthday so long as the child remained unmarried, residing with a parent, guardian, or custodian, and enrolled as a full-time student in a secondary or vocational school "[u]nless sooner modified or terminated by [c]ourt [o]rder."

On August 9, 2016, respondent filed an expedited petition for modification of child support in the Family Court of Fayette County, alleging that she had become incarcerated and that, as a result, her monthly income was reduced from $500 to $51. Respondent listed the child's address as "unknown" and attached her job assignment from Lakin Correctional Center showing her salary as $51 per month. Petitioner filed multiple motions for appointment of a guardian ad litem ("GAL") to represent his interests as an incarcerated person, and a hearing was set for October 17, 2016. Given that both parents were incarcerated at the time of respondent's expedited petition for modification of child support, the record does not disclose the child's circumstances at the time of the petition.

By order entered September 28, 2016, the family court cancelled the October 17, 2016, hearing and denied petitioner's motions for appointment of a guardian ad litem as there was "no possible way for him to be prejudiced by a modification of [respondent]'s child support obligation." As support for its order reducing respondent's support obligation to $0 per month, the family court found (1) respondent stated that her income was decreased from $500 to $51 per month; (2) the reason for the substantial decrease in respondent's income was that she became incarcerated at Lakin Correctional Center; and (3) a recalculation based upon the child support guidelines resulted in a support amount of $0 per month. The family court ordered respondent to notify the West Virginia Bureau of Child Support Enforcement ("BCSE") "of any future changes regarding her income."

On October 7, 2016, petitioner filed a motion asking the family court to reconsider its September 28, 2016, order. Petitioner argued that the family court erred in finding that there was an ongoing support obligation when the only issue was whether respondent owed him for past, unpaid child support for periods of time during which he had custody of the child. The family court denied petitioner's motion by order entered October 11, 2016, finding that there was "no reason to have a hearing" and "no reason to appoint" a GAL for petitioner. Petitioner appealed the September 28, 2016, and October 11, 2016, orders to the Circuit Court of Fayette County which

affirmed the family court's rulings on November 16, 2018. Petitioner now appeals from the circuit court's November 16, 2018, order.

We review this matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). In syllabus points 3, 6, and 8 of *Adkins v. Adkins*, 221 W.Va. 602, 656 S.E.2d 47 (2007), we held:

> 3.     Modification of support obligations imposed on incarcerated persons may be sought in the same manner as any parent.
>
> ****
>
> 6.     The support obligation of an incarcerated person should be set in light of that person's actual earnings while incarcerated and other assets of the incarcerated person practically available to provide such support.
>
> ****
>
> 8.     Any modification order involving a child support obligation of a person known by the court to be incarcerated may fix a time for reconsideration of the modification upon release of the obligor from incarceration, and include provision for notice to the obligee, the obligor and, if appropriate, the [BCSE], the production of post-incarceration earnings of the obligor and any other information necessary or convenient for such a post-incarceration modification of the support obligation.

On appeal, petitioner concedes that respondent is currently unable to pay any support obligation that she may owe because he states that the obligation should be reinstated "as soon as [respondent] is able" to pay. We first note that, when the parties were divorced in 1999, the only property divided between them was their "personal effects" and nothing suggests that either party has accumulated significant assets since that time. Second, to support her expedited petition for modification of child support, respondent attached her job assignment from Lakin Correctional Center showing her salary as $51 per month. Accordingly, based on our review of the record, we accept petitioner's concession that respondent is currently unable to pay any support obligation that she may owe.[3]

---

[3]*See* footnote two, *supra*.

Notwithstanding his concession, petitioner contends that the family court's September 28, 2016, and October 11, 2016, orders should be reversed because the court erred in finding that there was an ongoing support obligation when the only issue was whether respondent owed him for past, unpaid child support for periods of time during which he had custody of the child. We find that the record is unclear as to whether an ongoing support obligation existed at the time of respondent's modification petition given that, pursuant to the family court's October 7, 2010, order, child support payments shall continue until the child's twentieth birthday, December 24, 2017, so long as the child remained unmarried, residing with a parent, guardian, or custodian, and enrolled as a full-time student in a secondary or vocational school. Furthermore, even if the only issue was back child support owed by respondent to petitioner, we find that a reversal is not necessary given petitioner's concession that respondent is currently unable to pay any obligation that she may owe.

Petitioner's practical concern is that respondent be required to resume paying the back child support due him once she is able. We find that the family court addressed this issue in its September 28, 2016, order, by directing respondent to notify the BCSE "of any future changes regarding her income." We note that syllabus 8 of *Adkins* is permissive—not mandatory—in terms of what measures the family court may implement in order to facilitate a prompt "post-incarceration modification of the support obligation." 221 W.Va. at 604, 656 S.E.2d at 49. Therefore, while petitioner may believe that the family court chose an ineffective measure to ensure an expeditious resumption of respondent's obligation, we find that the court was not required to do anything more. Accordingly, based on our review of the record, we conclude that the family court did not abuse its discretion in reducing respondent's support obligation to $0 per month and denying petitioner's requests for a hearing and the appointment of a GAL to represent his own interests as an incarcerated person.

For the foregoing reasons, we affirm the circuit court's November 16, 2018, order upholding the family court's September 28, 2016, and October 11, 2016, orders.

Affirmed.

**ISSUED:** May 18, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4